# Grey *versus* The Ohio and Pennsylvania R. R. Co.

1. Where damages will compensate either the benefit derived, or the loss suffered from a nuisance, equity will not interfere.

2. An action for damages is a matter of right, but an injunction is of grace.

3. Where the thing sought to be prohibited is a nuisance *per se*, and the mischief may be *irreparable*, the court will, in general, interfere, without awaiting the result of an action at law.

4. Where the thing sought to be prohibited is not a nuisance *per se*, but may, according to circumstances, prove so, the court will not interfere without a previous trial at law.

5. To entitle the plaintiff to an injunction, he must show a strong *prima facie* case in support of his title, and must not be guilty of any improper delay in applying for relief.

6. Acquiescence, although not in the sense of conferring a right on the opposite party, but merely in the sense of depriving the complainant of his right to the interference of a court of equity will, of course, defeat the application for an injunction.

7. Where either party may suffer by the granting or withholding an injunction, the rule in equity requires the court to balance the inconveniences likely to be incurred by the respective parties, by means of the action of the court, and to grant or withhold the injunction, according to a sound discretion.

In EQUITY.—Bill for an injunction against respondents to prevent their using their railroad across the common in Allegheny city.

The facts are sufficiently stated in the opinion of the Court delivered May 5, 1856, by

LEWIS, J.—Where damages will compensate either the benefit derived or the loss suffered from a nuisance, equity will not interfere. An action for damages is a matter of right; but an injunction is of grace. 7 Barr, 366. Where the thing sought to be prohibited is a nuisance *per se*, and the mischief may be *irreparable*, the court will, in general, interfere, without awaiting the result of an action at law; but where it is not a nuisance in itself, but may, according to circumstances, prove so, the court

[Grey *v.* The Ohio and Pennsylvania R. R. Co.]

will not interfere without a previous trial at law. Even in the case of darkening ancient lights, no injunction will be granted, unless it appear that the deprivation would materially interfere with the comfort of the complainant. 2 Swanst. 333; 7 Barr, 367. To entitle the plaintiff to an injunction, he must show a strong *prima facie* case in support of his title, and must not be guilty of any improper delay in applying for relief. Acquiescence, although not in the sense of conferring a right on the opposite party, but merely in the sense of depriving the complainant of his right to the interference of a court of equity, will, of course, defeat the application. *Hilton* v. *Granville,* 1 Craig & Phil. 292.

The decision just pronounced in the case of the *City of Allegheny* v. *The Ohio and Pennsylvania Railroad Company,* (now reported 2 Casey, 355,) shows that the company has the right of passage over the common to the extent of fifty feet in width, as against the owners of the soil. The right of the complainant is nothing more than the privilege of depasturing the ground with his cattle. This right existed originally; but that it exists at this time is not by any means clear. The ground was used more as a public highway than as a pasture ground when the railroad was constructed upon it. It does not appear that the plaintiff was in the actual exercise of any privilege of pasture, or that it was possible for him to derive any benefit of that kind from the ground in the condition in which it then was. The company, having arranged with the public authorities, have a right to take the private property of the complainant on giving compensation; so that an injunction would, in the end, result in nothing beyond pecuniary compensation to the complainant, while the injury to the railroad company would be irreparable if they should be compelled to break up their road and await the process of assessing the damages. It is true that the corporation has no right to take private property without pursuing the course pointed out by the charter for assessing and paying the damages. But the property taken in this case has scarcely any appreciable value; the right of the complainant is at least doubtful; his acquiescence, until the road was constructed, renders it impossible to grant the relief applied for without doing irreparable injury to the railroad company, while no benefit whatever would be conferred upon the complainant which he could not obtain by an action at law. Under such circumstances, the rule in equity requires the court to balance the inconveniences likely to be incurred by the respective parties, by means of the action of the court, and to grant the injunction, or withhold it, according to a sound discretion. *Hilton* v. *Granville,* 1 Craig & Phillips, 297. On the whole, I think the injunction applied for should be refused.

Judge WOODWARD concurs in this view of the case. Judges

[Linton *v.* Sharpsburg Bridge Co.]

KNOX and BLACK entertain a different opinion. The result is that the injunction is refused on an equal division.

Injunction refused and bill dismissed.