# SUPREME COURT.

## JAMES GALLATIN, President, &c. agt. THE ORIENTAL BANK and others.

A plaintiff cannot be allowed to restrain by *injunction* a defendant from obtaining payment of indebtedness due to him, and tie up and endanger a large amount of property, by preventing the collection of notes and other indebtedness, for the purpose of obtaining by the plaintiff payment of a comparatively small claim. Such a use of the writ of injunction is not warranted; it would create a greater wrong than it was intended to remedy.

*New - York Special Term, July,* 1858.

MOTION by defendants to dissolve injunction.

E. M. WILLETT, *for defendants.*

F. H. DYKES, *for plaintiff.*

Gallatin agt. The Oriental Bank.

INGRAHAM, Justice.  The plaintiff's claim in this case is for about $3,400.  The property held by the bank, and which the plaintiff has enjoined, exceeds in value $30,000, for which it was transferred as security.  The original indebtedness for which it was so transferred is not denied or in any way impeached by the plaintiff in his complaint, but by the injunction all the property is included, and the Oriental Bank is forbidden from receiving or collecting any part of it, or in any manner receiving the notes, &c., as they become due.

Such an injunction appears to me to create a greater wrong than it is intended to remedy.  The property claimed under any one of the instruments which the complaint seeks to set aside, would be more than sufficient to secure the plaintiff, if security was necessary.  As between the parties to these instruments, it is conceded that they are valid, and that the bank would have a right to payment of Bell's indebtedness from the property so transferred, and yet by this injunction all such payments are prohibited, and the whole property is thus enjoined, when any one was more than sufficient for the purpose.  It may be said that the plaintiff was not assured of success in regard to each conveyance, and therefore included all within the injunction.  But such a reason is against, rather than in favor of its continuance.  The plaintiff should be assured of success before he thus restrains another from obtaining payment of indebtedness due him, and should not thus endanger a large amount of property by preventing the collections of notes and other indebtedness for the purpose of obtaining payment of a small claim.  Such a use of the writ of injunction appears to me unwarranted.

The conveyances of the real estate are stated in the complaint to have been made to secure $18,000, and the conveyances of the personal property show on the face that they were intended to secure upwards of $12,000.  No allegation is made as to solvency of the Oriental Bank, nor any doubt expressed as to their ability to respond in case there should be a recovery against the bank.

So far, therefore, as relates to the bank, I see no reason for

enjoining them from collecting the property, and applying the proceeds to the repayment of indebtedness to them. The plaintiff, if entitled to recover in this action, will be as readily paid by the defendants under the judgment of this court without the injunction as with it, while the continuance of it may work serious injuries to all the parties. The injunction is in no way necessary to the maintenance of the plaintiff's rights; he is in no danger of sustaining irreparable, or, as far as I can see, any injury, if it is not continued, and under such a state of facts, the use of this writ is neither wise or expedient. So far as there may be a surplus in the possession of the Oriental Bank, it may be proper to require them to retain such surplus until the decision of this case. As to any other portion of the property, it is better that it should be converted into cash, and the interest, which otherwise would accumulate, be reduced, than by the continuance of the injunction to add to the amount of the indebtedness.

I do not deem it necessary to discuss the points urged by the plaintiff's counsel on this motion, in regard to the merger of the securities originally held by the bank. As between the parties, it was conceded that the merger was immaterial, because the conveyances operated for the same purpose. As to the plaintiff, it must also be conceded to be immaterial, because the surplus of property is more than amply sufficient to pay the plaintiff, if it shall be held that he has a right to recover.

The injunction must be dissolved, except so far as to require the Oriental Bank to retain all moneys received from the property of the defendant Bell, over and above the amount necessary to pay the indebtedness of Bell to the bank. Costs of this motion to abide event.