(17 App. Div. 207.)

MOODY v. VILLAGE OF SARATOGA SPRINGS.

(Supreme Court, Appellate Division, Third Department. May 5, 1897.)

1. MUNICIPAL CORPORATIONS—LIABILITIES—DISCHARGING SEWER NEAR RESIDENCE.

A village is not relieved from liability for extending sewer so as to discharge it near a residence merely because the extension was made under an act of legislature.

2. SAME—GROUND OF LIABILITY.

The injury caused by discharging a sewer near a residence results from the use, and not from negligence or unskillfulness in the construction.

Appeal from special term, Saratoga county.

Action by Henry Moody against the village of Saratoga Springs to enjoin defendant from discharging sewage into the Kayaderosseras creek, near plaintiff's house and premises, and to recover past damages. From a judgment awarding such damages, and

granting an injunction, but suspending the operation of the injunction for one year, defendant appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

A. W. Shepherd, for appellant.

E. T. Brackett, for respondent.

LANDON, J. The village does not contend that the plaintiff has not been injured by the offensive matter discharged from the sewer, but claims that it is not liable therefor. The village, prior to 1885, constructed its system of sewers, with the final discharge from the main .sewer 4⅓ miles distant from the plaintiff's premises.. By chapter 149 of the Laws of 1885, commissioners were appointed, with power to extend the main sewer from its terminus to such other terminus as the commissioners should select, at the expense of the village. The commissioners, in pursuance of the act, thereupon extended the main sewer to the creek near the plaintiff's house and lands. The sewage of the village was thereafter discharged through the extension ·into the creek, thus producing the nuisance against which the judgment appealed from affords the plaintiff relief.

The village contends that the extension of the sewer was the act of the state, and not its act, and hence it is not liable. Such contention is not new. No doubt, if the manifest purpose of chapter 149, Laws 1885, had been to enable the state to utilize the sewage to fertilize its own lands, or to give public instruction in such use, or effect some purpose foreign to any corporate purpose or special benefit to the village of Saratoga Springs or its people, the state, and ·not the village, should be answerable for the resulting nuisance to the plaintiff. Maxmilian v. Mayor, 62 N. Y. 160; Tone v. Mayor, 70 N. Y. 158; Ham v. Mayor, Id. 460; New York & B. Sawmill & Lumber Co. v. City of Brooklyn, 71 N. Y. 580;. Ehrgott·v. Mayor, 96 N. Y. 265. Or, if the injury done to the plaintiff was caused by some act ultra vires of the commissioners, the village might not be liable. Smith v. City of Rochester, 76 N. Y. 506. But it is made a part of the corporate duty of the village of Saratoga Springs, by various acts, to provide and maintain a system of sewers; and· this act of 1885, by its third section, while it authorizes the commissioners "to construct an extension of the main sewer in such manner as they shall deem expedient," significantly adds the words "and for the interests of the village of Saratoga Springs." Other parts of the act indicate that the purpose of the sewer extension was to promote such interests, and the nature of the case imports such a purpose.· Moreover, the village has adopted the extension, which the act commits to its care and custody. This is the fair inference from the evidence. For the six years following the extension the village has used this extension, and permitted its sewage to be conveyed by it, and discharged into the creek near the plaintiff's house and premises. Within the doctrine of the above cases and others the village is

liable. New York Cent. & H. R. R. Co. v. City of Rochester, 127 N. Y. 591, 28 N. E. 416; Stoddard v. Village of Saratoga Springs, 127 N. Y. 261, 27 N. E. 1030; Chapman v. City of Rochester, 110 N. Y. 273, 18 N. E. 88; Noonan v. City of Albany, 79 N. Y. 470; Bolton v. Village of New Rochelle, 84 Hun, 281, 32 N. Y. Supp. 442.

The defendant urges that as the extension was authorized by the act, and was not negligently or unskillfully executed, the defendant is not liable. The plaintiff does not complain of the construction, but of the use which is made of it, to his injury. The act authorizing the extension undoubtedly authorizes its use, but not such use as results in a nuisance. Seifert v. City of Brooklyn, 101 N. Y. 136, 4 N. E. 321; New York Cent. & H. R. R. Co. v. City of Rochester, supra; Hooker v. City of Rochester, 37 Hun, 181, affirmed 107 N. Y. 676, 14 N. E. 610. Assuming the lawfulness of the construction, and the right to its use, the use, as was said in Booth v. Railroad Co., 140 N. Y. 268–275, 35 N. E. 592, after commenting upon many cases, must not be to the injury of any legal rights of another. The plaintiff's legal right to air and water in the purity that existed before the defendant polluted them by sewage cannot be questioned. If the defendant, by any right of eminent domain, can take the right from the plaintiff, it must do so upon making just compensation.

The judgment should be affirmed, with costs. All concur.