MANN v. WILLEY.

(Supreme Court, Appellate Division, Third Department.  May 2, 1900.)

1. WATER COURSE—POLLUTION—RIGHT OF RIPARIAN OWNER—INJUNCTION.

A riparian owner is entitled to an injunction against the pollution of the water course, though the pollution is not sufficient to interfere with the uses to which he has actually put the water, and though his damage is merely nominal, since he has a right to the water in its natural purity, irrespective of the question of user.

2. SAME—ORDER OF BOARD OF HEALTH—NO DEFENSE.

An order of a town board of health requiring defendant to discharge sewage from his hotel into a water course is no defense to a suit by a

riparian owner to enjoin such pollution of the stream, since the board of health has no power to authorize one citizen to maintain a nuisance to the injury of another.

Appeal from trial term, Essex county.

Suit by Prestonia Mann against Harvey Willey. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before PARKER, P. J., and HERRICK, MERWIN, and SMITH, JJ.

Richard L. Hand, for appellant.
R. Corbin, for respondent.

PER CURIAM. The plaintiff is a riparian owner upon the banks, of a creek known as "Gulf Brook." She complains that the defendant, who keeps a summer hotel located some 54 rods further up the stream, has polluted the water of such stream by discharging all the sewage from his hotel into it. She brings this action for a perpetual injunction against the defendant's so discharging into the stream, and for damages for the injury already caused her. The defendant resists her claim upon two grounds: First, that, although the sewage is so discharged into the stream, it does not in fact pollute it; secondly, that he has been compelled to discharge into such stream by order of the board of health of the town in which his hotel is situated. The trial judge found as a fact that the discharge of such sewage into the stream rendered it impure and unwholesome, and that plaintiff's damage thereby is substantial, and ordered judgment for a perpetual injunction against the same. From the judgment entered thereon this appeal is taken.

The plaintiff has never, as yet, used the water from this stream for drinking, cooking, or other domestic purposes. The only use to which she seems to have ever put it is for bathing, and driving a turbine wheel; and the defendant contends that for such purposes the water is in no way injured by the discharge of his sewage into the creek. Although there is some conflict of evidence on that question, we are inclined to think the weight of evidence is to the effect that when the water reaches the plaintiff's premises it does not appear either to the smell or the sight to be at all affected by the sewage; and, if the right to the injunction depended entirely upon that question, we would hardly be inclined to sustain it. But that the discharge of such sewage into the stream does pollute and render it unfit for domestic purposes cannot be doubted, and is, we think, established by the evidence; and, even though the plaintiff has not as yet put the water to such a use, she had the right to the stream in its natural purity (Townsend v. Bell, 62 Hun, 306, 17 N. Y. Supp. 210; Id., 42 App. Div. 409, 59 N. Y. Supp. 203; Chapman v. City of Rochester, 110 N. Y. 273, 18 N. E. 88, 1 L. R. A. 296); and that right was not conditioned upon the beneficial user of it (Rubber Co. v. Rothery, 132 N. Y. 293, 296, 30 N. E. 841); and she was entitled to equitable relief against the defendant for interfering with it, though the damages were merely nominal (Knitting Co. v. Dean, 13 App. Div. 42, 43 N. Y. Supp. 29). Upon

these authorities, we conclude that the defendant's objection first above stated cannot be sustained.

As to the second,—that the defendant could justify his act under the order of the board of health,—we can find no statute, nor rule of law, which confers upon such board the right to authorize one citizen to create and maintain a nuisance to the injury of another. Such board may have had authority to prevent the defendant from maintaining cesspools, but they could not have compelled him to sewer into the stream; and the argument that, if the defendant must obey this injunction, he will be compelled to disobey the order of the board, and thus be liable to punishment for so doing, is not sustained by the facts or by the law of this case. No such power as defendant claims for such board can be found in the statutes creating it, nor should any be implied from the powers thereby conferred. Morton v. City of New York, 140 N. Y. 207, 212, 35 N. E. 490, 22 L. R. A. 241. See, also, Moody v. Village of Saratoga Springs, 17 App. Div. 207, 209, 210, 45 N. Y. Supp. 365. We conclude that the trial judge was correct in holding that a justification could not be sustained by reason of any order that the board of health could have made in the premises, and that the judgment which he ordered should be sustained.

Judgment affirmed, with costs.