(34 Misc. Rep. 459.)

SAMMONS v. CITY OF GLOVERSVILLE.

(Supreme Court, Trial Term, Fulton County. April, 1901.)

1. CONSTITUTIONAL LAW—TAKING OF PROPERTY.
    Discharge of city sewage on property of an individual is a taking of property, within the meaning of the constitution, although the sewer was constructed under legislative authority.

2. INJUNCTION—PARTIES DEFENDANT.
    Though injury to plaintiff's property by discharge of city sewage is not caused by defendant alone, plaintiff has the right to enjoin such de- fendant alone.

3. SAME—DISCHARGE OF SEWAGE—PUBLIC CONVENIENCE.
    Where city sewage is so discharged as to injure plaintiff's property, he is entitled to restrain the city from continuing the trespass, though such restraint may cause great public inconvenience.

4. SAME—DECREE.
    An injunction to restrain a city from disposing of its sewage to the injury of plaintiff's property will be granted, but so far that it shall not be operative until one year from entry of the decree, with a right to postpone the operation for a reasonable time to obtain appropriate legislation or a different system.

Suit by Sampson Sammons against the city of Gloversville. Motion for injunction granted.

M. D. Murray (A. J. Nellis, of counsel), for plaintiff.
Frank Talbot (Edwin Countryman, of counsel), for defendant.

HOUGHTON, J. The court has found from the evidence that the sewage from the city, defendant, is a substantial injury to the property rights of the plaintiff. While the damages allowed for that part of the injury which the defendant has contributed are not large, yet they are substantial. The defendant, by the discharge of its sewage upon the plaintiff's property, continues the injury from day to day. The discharge of sewage upon the private property of an individual is the invasion of a private right, and the taking of private property, within the meaning of the constitution. Huffmire v. City of Brooklyn, 162 N. Y. 584, 57 N. E. 176. And this is so although the sewer was constructed under legislative authority. The fouling of a stream which runs through an individual's land, by the discharge of sewage, is a similar invasion. Chapman v. City of Rochester, 110 N. Y. 273, 18 N. E. 88, 1 L. R. A. 296; New York Cent. & H. R. R. Co. v. City of Rochester, 127 N. Y. 591, 28 N. E. 416; Moody v. Village of Saratoga Springs, 17 App. Div. 207, 45 N. Y. Supp. 365, affirmed in 163 N. Y. 581, 57 N. E. 1118. The principle upon which the courts have refused injunction in the Elevated Railroad Cases is that the presence of the railway has so increased the value of property that the actual damages are only nominal, and injunction has been refused because the trespass is but technical, and the real injury unsubstantial. Gray v. Railway Co., 128 N. Y. 499, 28 N. E. 498; O'Reilly v. Railroad Co., 148 N. Y. 347, 42 N. E. 1063, 31 L. R. A. 407. From the testimony in the case at bar, it cannot be said that the trespass is but technical, and the real injury unsubstantial. It is true that others contributed to the injury, and that the court has found that the various private tanneries sewering into the stream contribute one-third of the damage to the plaintiff's land, and that the sewage of the city of Johnstown also contributes one-third to the damage which plaintiff sustains. Notwithstanding the fact, however, that the defendant contributes only one-third to the damage, yet I do not think it can be said that that damage is unsubstantial and technical. It is true that the injury to plaintiff will not be wholly obviated by restraining the defendant alone, but, if the plaintiff suffers substantial damage from one, he has the right, I think, to stop that, notwithstanding the fact that he may suffer, also, from another source. He could sue all, and thus obtain entire relief; but he has the right, also, to sue the persons who injure him separately, and, if he proves substantial injury from that source, he has the right to have that part of the

injury cease. He can take the others in their order, if he sees fit, and thus relieve himself entirely, or he can waive the injury by not asking to be relieved. It is true that the restraining of the defendant may cause great public inconvenience, and my own impressions were, before an examination of the authorities, that the court was not bound to grant an injunction; but it seems to have been the uniform practice in this state, after the case has been tried and it has been determined that the plaintiff suffers substantial damage, to restrain the continuance of the trespass, notwithstanding the fact that those acts were of such public necessity as the disposal of sewage from a large town or city. Such was the course adopted in Moody v. Village of Saratoga Springs, 17 App. Div. 207, 45 N. Y. Supp. 365, affirmed in 163 N. Y. 581, 57 N. E. 1118; New York Cent. & H. R. R. Co. v. City of Rochester, 127 N. Y. 591, 28 N. E. 416; Chapman v. City of Rochester, 110 N. Y. 273, 18 N. E. 88, 1 L. R. A. 296; and Smith v. City of Rochester, 38 Hun, 612, affirmed in 104 N. Y. 674. The same principles are enunciated in Garvey v. Railroad Co., 159 N. Y. 323, 54 N. E. 57, and Townsend v. Bell, 42 App. Div. 409, 59 N. Y. Supp. 203, as well as in Huffmire v. City of Brooklyn, 162 N. Y. 584, 57 N. E. 176.

Substantially all of the decisions cited by counsel for the defendant where courts have refused injunction under similar circumstances arose on application for injunction before the trial of the action. Such was the situation in Flint v. Charman, 6 App. Div. 121, 39 N. Y. Supp. 892; Abraham v. Meyers, 29 Abb. N. C. 384, 23 N. Y. Supp., :225, 228; Gallatin v. Bank, 16 How. Prac. 253; Cornwall v. Sachs, 69 Hun, 283, 23 N. Y. Supp. 500; Swift v. Jenks (C. C.) 19 Fed. 641; Sellers v. Parvis & Williams Co. (C. C.) 30 Fed. 164; Scanlan v. Howe, :24 N. J. Eq. 273; Hilton v. Earl of Granville, 1 Craig & P. 283; Attorney General v. Mayor, etc., 1 Mylne & C. 171. In New Jersey and Pennsylvania the rule appears to be somewhat different from that in New York. See Society v. Butler, 12 N. J. Eq. 498; Torrey v. Railroad Co., 18 N. J. Eq. 293; Richards' Appeal, 57 Pa. 105; Harkinson's Appeal, 78 Pa. 196; Grey v. Railroad Co., 1 Grant, Cas. 412. In Parker v. Woolen Co., 2 Black, 545, 17 L. Ed. 333; the injunction was denied because plaintiff had an adequate remedy at law. In McSorley v. Gomprecht, 30 Abb. N. C. 412, 26 N. Y. Supp. 917, the trial court denied an injunction against the continuing of a projection of a wall one inch upon the plaintiff's premises on the ground that the injury was so slight that an injunction would be an absurdity, and that full compensation could be made for the permanent injury by the assessment of damages. In Irwin v. Dixion, 9 How. 10, 13 L. Ed. 25, the injunction appears to have been denied because the plaintiff's right had not been fully established by the trial. I see no relief for the defendant, except through some appropriate legislation giving it the right to condemn lands situated as the plaintiff's are, and in that way to obtain the right to dispose of its sewage in such reasonable and proper manner as the necessities of the case demand.

My conclusion is that an injunction must be granted restraining the defendant from continuing to foul the plaintiff's premises by the discharge of its sewage into the stream running through his lands. But

the injunction shall be so framed that it shall not be operative for the period of one year from service of the notice of entry of the decree, and shall also contain a provision that this court at special term shall have the right to postpone the operation of said injunction for such reasonable time beyond said year as may seem necessary for the obtaining of appropriate legislation, or the establishing of a different system of sewage for the defendant city.

Ordered accordingly.