### WARREN v. CITY OF GLOVERSVILLE.

(Supreme Court, Appellate Division, Third Department. March 11, 1903.)

1. RIPARIAN OWNERS—LAND ADJOINING A CANAL.
     It is presumed that the owner of land bordering on a canal has title to the center of the stream, though the presumption may be rebutted.

2. INJUNCTION.
     Where the discharge of sewage by a city into a canal will cause substantial injury to the owner of the lands adjoining the canal, he is entitled to injunction, though it will interfere with the plans of the city for drainage, and will work great public mischief.

¶ 1. See Boundaries, vol. 8, Cent. Dig. § 119.

Appeal from Trial Term, Fulton county.

Action by John C. Warren against the city of Gloversville. From so much of the judgment as denied plaintiff an injunction restraining the discharge of sewage into a certain canal, he appeals. Reversed.

The defendant is a municipal corporation containing about 18,000 inhabitants, and is located on the Cayudetta creek. The Cayudetta creek is a natural stream, flowing southerly through the city of Gloversville, to and through the city of Johnstown. The natural flow of the stream at low water is about 5,170,176 gallons per day. The city of Johnstown is situated about four miles below the city of Gloversville. In the city of Johnstown, ever since 1853, there has been maintained an open canal, about 25 feet wide and 3 feet deep, leading the great bulk of the waters of said creek from its natural channel in a westerly course to certain large mills, there to be used for power, and thence discharged into the natural channel of said creek. Said canal is about one-half mile in length. The plaintiff owns real estate in said city of Johnstown, which is bounded on the south by said canal. Upon said lands plaintiff has constructed and maintained for more than 10 years a small dwelling house and a meat market with dwelling over the same. In and prior to the year 1890 the defendant constructed a system of sewage and drains, by which it wrongfully and unlawfully discharged into said creek the domestic sewage of said city, amounting to about 1,200,000 gallons per day, besides the washings of its streets through the various catch-basins, and thereby renders the waters of said creek as they flow through the said canal foul, noxious, and filthy. The wrongful acts of the defendant have produced a continued nuisance to plaintiff's said lands, and the plaintiff's buildings thereon are permeated with unwholesome, offensive, and deleterious odors arising therefrom. The defendant threatens to continue said nuisance, and to increase the same, and will, unless restrained by the court, increase and continue said nuisance permanently, and plaintiff will be compelled to bring actions against said city to recover his damages from time to time suffered by the trespass and nuisance so committed and continued. There are certain mills and a portion of the city of Johnstown that also discharge sewage and refuse into said stream. For six years prior to the commencement of this action, and down to the trial thereof, the plaintiff suffered damage by reason of the nuisance so created and maintained upon his said premises in the sum of $62.50 per annum, amounting in all to $471.35, of which two-fifths, or $188.54, thereof was caused by the said unlawful and wrongful acts of the defendant. The court, on these facts, found that the plaintiff was entitled to damages in the sum of $188.54, but that he was not entitled to an injunction against the defendant, for the reason that said canal is an artificial waterway, and plaintiff is not a riparian owner; and judgment, with costs, was entered accordingly.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and LYON, JJ.

M. D. Murray (Andrew J. Nellis, of counsel), for appellant.
W. A. McDonald, for respondent.

CHASE, J. An equity court is not bound to issue an injunction, when it will produce great public or private mischief, merely for the purpose of protecting a technical or unsubstantial right. Gray v. Man. R. R. Co., 128 N. Y. 509, 28 N. E. 498; Garvey v. Long Island R. R. Co., 159 N. Y. 323, 54 N. E. 57, 70 Am. St. Rep. 550. When, however, the damages are substantial, the fact that an injunction would interfere with great industries, the development of natural resources, or with the plans of a great city for drainage, is not a sufficient reason

for relaxing the ordinary rules governing the rights of riparian owners of land. Strobel v. Kerr Salt Co., 164 N. Y. 303, 58 N. E. 142, 51 L. R. A. 687, 79 Am. St. Rep. 643. Where wrongful interference with the waters of a stream causes substantial injury, an injunction to the person so substantially injured is a matter of right. Sammons v. City of Gloversville, 34 Misc. Rep. 459, 70 N. Y. Supp. 284, and cases cited, affirmed in this court, 67 App. Div. 628, 74 N. Y. Supp. 1145. The rule in regard to lands bounded on a nonnavigable stream applies also to lands bounded upon artificial water courses—as a canal, a ditch, or such like. In either case the presumption is that the adjoining landowner has title to the center of the stream, but this presumption may be rebutted by evidence. Am. & Eng. Ency. of Law (2d Ed.) vol. 4, page 832; Cyclopedia of Law & Pro., vol. 5, page 900.

The trial court was in error in holding, as a conclusion of law, that upon the facts found by it the plaintiff was not a riparian owner, nor entitled to injunctive relief. The plaintiff's damage being substantial, the judgment, so far as it denies an injunction to the plaintiff, should be reversed, with costs to the appellant, and an injunction should be granted to the same effect and containing the same provisions as in the case of Sammons v. City of Gloversville, as reported in 34 Misc. Rep. 459, 70 N. Y. Supp. 284. All concur.