(81 App. Div. 332.)

SAMMONS v. CITY OF GLOVERSVILLE.

(Supreme Court, Appellate Division, Third Department.   March 11, 1903.)

1. NUISANCE—POLLUTION OF WATER COURSE—INJUNCTION—MULTIPLICITY OF SUITS.

Where, in a suit to enjoin the maintenance of a nuisance, consisting of the pollution of a water course, the court found that defendant was maintaining the nuisance to the plaintiff by polluting the stream through his land, which rendered the stream unfit for plaintiff's uses as a riparian owner, and that such nuisance was continually increasing, and would be continued permanently unless restrained, and unless restrained a multiplicity of suits would ensue, it was error to deny an injunction on account of the distance of plaintiff's lands from the place where the pollution occurred.

Appeal from Trial Term, Fulton County.

Action by Willard S. Sammons against the city of Gloversville. From a judgment in favor of plaintiff, but denying an injunction prayed for, plaintiff appeals.   Reversed.

The plaintiff, who is an owner of lands about nine miles below the city of Gloversville, through which the Cayadutta creek, a large natural stream, flows, has brought this action against such city to restrain it from polluting that stream by emptying its sewers in it, and for damages.   The trial court

has found that ever since 1890 the defendant has, by means of its system of sewers and drains, collected in artificial channels, and wrongfully and unlawfully discharged into such creek above the lands of the plaintiff, a large quantity of sewage and filth, thereby polluting the waters and also the bed and the bank of said creek, rendering them offensive to the senses, and occasioning deposits in the bed and along the banks thereof, and upon plaintiff's land, rendering such waters less useful for farming, dairying, and manufacturing purposes, and for the maintenance of cattle and other animals, and for the harvesting of merchantable ice, to the nuisance of the plaintiff and his land; that the defendant thereafter enlarged its system of sewers so that the amount of pollution discharged from them into such creek at the time of the trial amounted to 1,200,000 gallons per day of domestic sewage, beside the washings of streets through 80 catch-basins; that such wrongful acts of the defendant have continued for more than six years prior to the commencement of the action; that the defendant is a growing city; that it has from time to time during said six years enlarged its system of sewers, and increased the quantity of its sewage discharged into said creek, and is continually increasing said nuisance to the lands of the plaintiff; that the defendant threatens to continue said nuisance, and does not abate the same, and will, unless restrained by the court, continue said nuisance permanently, and the plaintiff will be compelled from time to time to bring actions against the city to recover his damages from time to time suffered by the trespass so committed and continued. The court also found the amount of damages the plaintiff had suffered for the six years prior to the commencement of the action, and from that time down to the time of the trial, and awarded him a judgment therefor, but denied him an injunction, on account of the distance of his lands from the city of Gloversville. Because of this denial, the plaintiff has appealed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and LYON, JJ.

M. D. Murray, for appellant.
W. A. McDonald, for respondent.

CHESTER, J.    It having been found by the court that the defendant is maintaining a nuisance to the plaintiff by polluting the stream flowing through his land with its sewage, rendering such stream unfit for his uses as a riparian owner, and materially damaging him; that such nuisance is continually increasing, and will be continued permanently unless restrained by the court; and that, unless so restrained, a multiplicity of suits will ensue—a clear case is made for equitable relief, and an injunction should have been granted, regardless of the distance of plaintiff's land from the city.    Butler v. Village of White Plains, 59 App. Div. 30, 69 N. Y. Supp. 193; Strobel v. Kerr Salt Co., 164 N. Y. 321, 58 N. E. 142, 51 L. R. A. 687, 79 Am. St. Rep. 643; Hooker v. City of Rochester, 126 N. Y. 635, 26 N. E. 1043; Chapman v. City of Rochester, 110 N. Y. 273, 18 N. E. 88, 1 L. R. A. 296, 6 Am. St. Rep. 366.    More than this, there appears no substantial distinction between this case and that of Sammons v. City of Gloversville, 34 Misc. Rep. 459, 70 N. Y. Supp. 284, recently affirmed in this court without opinion (67 App. Div. 628, 74 N. Y. Supp. 1145), and we feel bound to follow that decision.

The judgment, in so far as it denies an injunction, should be reversed, with costs to the appellant, and an injunction granted to the same effect, and containing the same provisions, as in the case last mentioned.    All concur.