## BOWIE *a*. BRAHE.

*New York Superior Court; In Chambers, October,* 1855.

### EXECUTION IN EJECTMENT.—DUTY OF SHERIFF.

The Court, on motion of the plaintiff, in an action of ejectment, will not order the sheriff to execute a writ of *Habere facias possessionem*, in a particular manner, as to remove from a strip of land, one and seven-eighth inches wide, (the land recovered), so much of the wall of a building of the defendant as stands upon it. If he refuses to return the writ, the court will coerce a return.

The Sheriff must act on his own responsibility, in executing process. The Court will not direct the manner of executing it. When the writ is returned, if the return is deemed false, the plaintiff must seek redress by action or otherwise, as he may be advised.

The plaintiff moves for an order directing the sheriff to execute a writ of *Habere facias possessionem,* in a particular manner.

Plaintiff and defendant owned adjoining lots. Defendant erected a building on his lot, and encroached one inch and seven-eighths of an inch on the easterly side of plaintiff's lot. Plaintiff then built on his own lot, placing his easterly wall directly against the westerly wall of defendant's building. He subsequently brought an action of ejectment to recover the one and seven-eighth inches, and obtained judgment.

A writ of possession was issued to the sheriff. Plaintiff required the sheriff to deliver possession, by removing from the strip of land so much of the wall of defendant's building as stood upon it, but forbid the sheriff's interference with plaintiff's building, in doing it.

The defendant informed the sheriff, that he claimed no property in, or control over the strip of land, or the part of the wall covering it, but forbid the sheriff interfering with his building, or any part of the wall except what stood on that strip.

The plaintiff was put as fully in possession as he could be, unless he had a right to require the sheriff to remove from the strip recovered, the wall standing upon it. The plaintiff now moved for an order requiring the sheriff to execute the writ, by removing from the land recovered so much of the wall of defendant's building as stood upon it. The sheriff had not yet returned the writ.

*C. P. Kirkland*, for plaintiff.

*A. J. Vanderpoel*, for the Sheriff.

OAKLEY, CH. J.—The court will not direct the sheriff in what manner he shall execute process. This is regarded, as an application made with a view to obtain the advice of the court. The court should not advise the sheriff, by ordering him to do particular acts, as being essential and proper in the rightful performance of his duty.* Although so ordered, he might be prosecuted for his acts, and the court might be placed in the position of being required to give judgment upon a matter which it had pre-judged without due consideration; and the sheriff might be subjected to damages for obeying an order, and that, too, by the judgment of the court, in obedience to whose order the acts were done.

The sheriff must act, under the advice of his counsel, on his own responsibility. If he should refuse to return the writ, the court would compel him to do it. When he has made a return, if the plaintiff deems it false, he must seek his remedy by action or otherwise, as he may be advised.

The motion must be denied.

---

* Compare Curtis a. Leavitt, 1 *Ante* 274, in which it was held that a special receiver appointed in the course of an action to take custody of a fund in suit, is an officer of the court, and as such is entitled to the instructions of the court, when the question is what is his duty under the orders made in the cause.