# McSORLEY *v.* GOMPRECHT.

*N. Y. Superior Court ; Equity Term, June,* 1892.

1. *Injunction.*]   An injunction will not be granted unless the injury to be prevented is real and substantial, and there is no adequate legal remedy ;  the injury must not only be irreparable, but the court in granting the injunction must not do irreparable injury to the other party ; it should not, in its discretion, grant an injunction where it would create a greater wrong than it is intended to remedy.

2. *The same; encroaching wall of building.*]  In an action for a mandatory injunction to compel the removal of a strip of one inch from a wall of a building encroaching to that extent on plaintiff's land, it appeared that plaintiff owned a strip four feet six and one-half inches in width between her building and defendant's house, upon which the alleged encroachment was made; she was aware of the fact of the encroachment during the progress of defendant's building, but delayed action until after its completion; the land covered by the encroachment was of small value, and its occupation did not materially interfere with the use of plaintiff's building.—*Held,* that under these circumstances, it would be inequitable to award an absolute injunction, but that plaintiff might amend her complaint so as to claim alternative relief, by asking for an injunction unless defendant would pay the value of the land encroached upon, and such damage as the taking or appropriation had caused her, and offering to release to the defendant the strip so covered by defendant's wall on payment of such value and damages.*

Bill in equity filed to compel defendants to remove a strip of wall incumbering the plaintiff's property.

---

* For a recent application of this rule to the enforcement of a covenant restricting the use of a building, see Equitable Life Assurance Soc. *v.* Brennan, *ante* p. 277, citing Amerman *v.* Deane 132 *N. Y.* 355.

*Mooney & Shipman*, for plaintiff.

*Kurzman & Frankenheimer*, for defendants.

McADAM, J.—The plaintiff and the defendants each own a lot and building thereon, on Columbus avenue, in the city of New York. The buildings stand four feet and six and one-half inches apart, and the vacant space between the buildings is owned by the plaintiff. The building now owned by the defendants was built or commenced in 1890 by one Thomas A. McGown, and on the 22d of January, 1891, before the building was finally completed, one of the defendants purchased the property at a foreclosure sale. When McGown laid the foundation, and while building the wall on the north side along the line of the opening or vacant space, the plaintiff, as alleged in the complaint, complained to him that he was encroaching on her lot, and that he was building an inch or more over the line on her premises, but that her remonstrances were unheeded, and that at the time the defendant purchased the property, he had full notice and knowledge of the encroachment, but that, notwithstanding that fact, he went on and completed the building. After the final completion of the building, the plaintiff brought this action for an injunction to compel the defendants to remove that strip of one inch of their building from her land. In seeking such equitable relief it would have been more in accordance with equity to have brought the suit to restrain the erection or completion of the building instead of waiting until the building was completed and in such a condition that the removal of the wall would cause a partial destruction of the building and an expense greatly exceeding the value of the land in question, and then suing for its removal (1 *High on Injunctions*, 2 ed., § 707). A court of equity does not lend its aid to a party who seeks inequitable relief, particularly where the plaintiff has another remedy. A suit in equity can only be sustained on equitable grounds (Marsh v. Benson, 19

*How. Pr.* 415, 421, and cases cited). In this case the plaintiff has one or more legal remedies. She may sue for the trespass (Argotsinger *v.* Vines, 82 *N. Y.* 308 ; Uline *v.* N. Y. Central, etc. R. R. Co., 101 *Id.* 109 to 124), or she may sue in ejectment. Actions of ejectment to recover strips of land less than the width of a brick have been brought and sustained (Bowie *v.* Brahe, 4 *Duer*, 676). But an injunction is an extreme remedy which is not usually given when the plaintiff has a legal remedy, and never when he has a complete or adequate remedy at law, even if his rights have been infringed (Marsh *v.* Benson, 19 *How. Pr.* 421 ; *Thompson on Provisional Rem.*, 207, 208). Besides, to entitle a plaintiff to relief by injunction, the injury must be real and substantial (Purdy *v.* Manhattan El. R. R. Co., 13 *N. Y. Supp.* 296, 297; Gray *v.* N. Y. Central R. R. Co., 128 *N. Y.* 500, 509). Although it cannot be said in this case that the injury is so trifling that the law will not take notice of it, yet, according to the only evidence on the subject, the value of this strip, one inch wide, is less than one hundred dollars. Prior to 1862, a court of equity was not allowed to entertain a suit where the amount in controversy was less than one hundred dollars (Marsh *v.* Benson, 19 *How. Pr.* 415 ; Laws 1862, ch. 460, § 39). Now, the court as a court of equity can, that is, it has jurisdiction to, entertain a suit where the amount in controversy is less than one hundred dollars, yet the reason for the former rule is not entirely removed by the repeal of the statute forbidding a court of equity to entertain suits where so little is involved. The decision of this case is not put upon any such ground, yet it is proper to consider the fact that the strip of one inch of land on the side of an open alley four feet and six and one-half inches wide cannot seriously or materially interfere with the use of the alley or the plaintiff's building on the other side of the alley.

The case of Baron *v.* Korn (127 *N. Y.* 224), on which the plaintiff relies, is clearly distinguishable from this. In

McSorley *v.* Gomprecht.

that case the defendant did not plead as a defense that the plaintiff had an adequate remedy at law, whereas that defense is set up in this action. In that case the suit was brought before the building was completed to restrain the erection of the wall, and to compel the removal of the foundations laid. In this case the plaintiff waited until the building was completed, and then brought this suit to compel the builder or his grantee to take the wall down. In that case the alleyway was 35½ inches wide, just wide enough to enable the plaintiff, who was an importer and wholesale dealer in wine, to take his casks through, and the strip taken from that by the defendant was nine inches wide, which wholly prevented the plaintiff from using the alley (pp. 226, 228). The injury in that case was substantial, and, but for the injunction, would have been irreparable.

The case of Wheelock *v.* Noonan (108 *N. Y.* 179), also relied upon by the plaintiff's counsel, and in which a mandatory injunction was granted, is clearly distinguishable from this in material respects. In that case the defendant did not plead that the plaintiff had a remedy at law, although the decision was not placed on that ground. It appeared there that the defendant had wrongfully covered the plaintiff's lot with a great quantity of large stones or boulders. The defendant had a parol license to occupy the land, which was subsequently revoked; but he refused to remove the stones, and the plaintiff had no adequate remedy except a mandatory injunction. He could not bring ejectment, because the defendant had left or was not in possession. He could not remove the stones, having nowhere to put them, and the court questioned his right to interfere with them, and if he had a right of action for trespass, he could get only the rental value of the land, and be, in the meantime, deprived of the use of it or opportunity to improve it. The one inch in this case the plaintiff could not improve by building on it, and whatever damage it is to plaintiff can be recovered by action or

Note on Relief against Encroaching Walls.

actions at law. To justify the granting of an injunction the injury must not only be irreparable (86 *N. Y.* 108, 126; 1 *Barb.* 316; 121 *N. Y.* 45, 52); but the court must not thereby do irreparable injury to the other party, or, at least, the court, in the exercise of its discretion, should not grant an injunction where it would create a greater wrong than it is intended to remedy (Gallatin *v.* Oriental Bank, 16 *How. Pr.* 253). It seems to us that to grant a mandatory injunction in this case, compelling the defendant to take down the wall of a five story brick building, because it encroached one inch over the line, when the line encroached upon is an open alley, would be causing great injury to the defendant without any corresponding advantage or benefit to the plaintiff, and as the plaintiff has other remedies or means of obtaining full compensation for all the injury she has sustained or may sustain, the court ought not, in the exercise of its discretion, to compel the taking down of the wall and partial destruction of the building by a mandatory injunction. It would, we think, be a violation of the rules and equitable principles by which courts of equity have always been governed. The plaintiff might properly have claimed alternative relief by asking for an injunction unless the defendant would pay the value of the land encroached upon, and such damage as the taking or appropriation has caused her, and offering to release to the defendant the strip so covered by defendant's wall, on payment of such value and damages. In that case full and ample compensation could have been given her in this action, and she may yet so amend her complaint, but if she does not elect to do so within ten days the complaint should be dismissed.

### NOTE ON RELIEF AGAINST ENCROACHING WALLS.

The opinions in the two foregoing cases contain a full collation of all the prior decisions on the subject of relief, either defensive or affirmative, against encroaching walls, and, with the points there decided, furnish a convenient summary of the existing rules.

Note on Relief against Encroaching Walls.

An interesting and perplexing question has long been mooted, as to the mode of getting possession of a strip of land covered by a wall of a building, after judgment in ejectment.

A possible solution of the difficulty in many cases may be worked out from a consideration of the effect of the judgment itself where the defendant submits without process. The rule in such cases, as settled by the authorities, has been well stated by recent writers as follows:

" The successful plaintiff in ejectment may, at his election, if opportunity presents itself, take peaceable possession of the lands in controversy, without the aid of the sheriff, and without procuring a writ of possession to be issued. The defeated party, in some cases, surrenders the possession voluntarily, and in others the lands are unoccupied or the defendant may have had only technical possession. In such cases the necessity of entering by virtue of the writ, or any court process, is obviated. The judgment is a complete protection to the plaintiff, against an action of trespass for entering and taking possession of the land under such circumstances." *Sedgwick & Wait on Trial of Title to Land*, § 549.

Under a broad application of this rule in a case where the buildings are so constructed that physical delivery of a narrow intervening strip is impossible, without demolishing the building of one of the parties, it might be considered, where the defendant offers no resistance, or expressly waives claim to the property or its control, that the possession had followed the judgment and that plaintiff had acquired possession without process.

In respect to the equitable remedy, the doctrine is well illustrated in the case in the text, that the equitable remedy will be administered upon equitable principles; and the court will not issue a mandatory injunction which would cause a damage greater than it would remedy.

The conclusion seems to follow that a plaintiff who is unwilling to proceed in equity, where he may probably receive only the value of his land which has been taken, but pursues the inflexible process of the common law to secure his " pound of flesh," may find that the law in its equal protection of the defendant from incidental injury, has given him little more than a naked adjudication of his rights.

In Bowie *v.* Brahe, 2 *Abb. Pr.* 161 ; s. c., 4 *Duer*, 676, it appeared that plaintiff and defendant owned adjoining lots. Defendant had erected a building on his lot which encroached one and seven-eighths inches upon plaintiff's lot. Plaintiff then built on his

own lot, placing his wall directly against the wall of defendant's building. He subsequently brought ejectment to recover the one and seven-eighths inches, and obtained judgment and issued a writ of possession to the sheriff. He required the sheriff to deliver possession by removing from the strip of land so much of the wall of defendant's building as stood upon it, but forbid the sheriff's interference with the plaintiff's building in so doing. The defendant informed the sheriff that he claimed no property in or control over the strip of land or the part of the wall covering it, but forbid the sheriff interfering with his building or any part of the wall except what stood on that strip. The plaintiff was put as fully in possession as he could be unless he had a right to require the sheriff to remove from the strip recovered, the wall standing upon it. The plaintiff moved for an order requiring the sheriff to execute the writ by removing from the land recovered so much of the wall of defendant's building as stood upon it. The sheriff had not yet returned the writ. OAKLEY, C. J.—*Held,* that the court will not direct the sheriff in what manner he shall execute process, and should not advise him by ordering him to do particular acts, as being essential and proper in the rightful performance of his duty ; that the sheriff must act under the advice of his counsel on his own responsibility, and if he should refuse to return the writ the court would compel him to do so, and that when he has made a return, if the plaintiff deems it false he must seek his remedy by an action or otherwise as he may be advised. The motion was therefore denied.

It has been held, also, that a sheriff is bound to know and ascertain his rights under an execution and levy, and the plaintiff is not bound to instruct him. So far as the plaintiff assumes to direct the officer, the latter is relieved from responsibility, but he cannot cast upon the plaintiff the burden of deciding for him in respect to his official duty (Ansonia Brass and Copper Co. *v.* Babbitt, 74 *N. Y.* 395, 403).

The rule that the sheriff must act on his own responsibility in the execution of process, and that the court will not direct or advise him as to the manner of executing it, was also adopted in Matter of Steamship Circassian, 50 *Barb.* 490.