disposition in any manner of any portion of his estate for the benefit of the plaintiff. He died seised of the real property described in the complaint, and possessed of personal property at least sufficient to pay all his debts and the expenses of administration. The defendant Dorus Healy has been appointed and is acting as administrator of his estate.

I know of no reason why the plaintiff should not have the relief demanded in her complaint. The birth of the child of the second marriage can have no effect upon the rights of the plaintiff, except to divide the share of the estate which the latter would otherwise have received. The promise to give to the plaintiff the share of a child in the estate which the promisor should leave was, of course, to be interpreted in view of the situation which should exist at the time of his death. If he should leave a widow, such share would be subject to the right of dower. Should he leave another child or children, the estate must be shared equally with them. The provision of the contract in this respect was entirely definite, though the relative value of the share which the plaintiff should take could be determined only at the death of the promisor. No inequity is done to the after-born child by enforcing the promise made for the benefit of the plaintiff, any more than if her rights had been those of an own sister. I believe that all the questions raised by the defendants in this case are to be answered in favor of the plaintiff upon long-established principles of equity which are recognized in the late adjudications of Gall v. Gall, 64 Hun, 601, 19 N. Y. Supp. 332, affirmed in 138 N. Y. 675, 34 N. E. 515, and Gates v. Gates, 34 App. Div. 608, 54 N. Y. Supp. 454.

Upon the grounds above briefly stated, I find and decide that the plaintiff is entitled to judgment for the specific performance of the agreement set forth in the complaint, adjudging that she is the owner of an equal undivided one-half of the real estate of which Joshua Healy died seised, subject to the dower right of the defendant Julia C. Healy, and that she is entitled to one-third part of the personal property of Joshua Healy, which shall remain after payment of the debts and expenses of administration of his estate, and that the defendant Dorus Healy, as administrator, account for and pay over to her such share of said personal property, if any shall so remain. And I direct that judgment be entered accordingly, without costs of this action to either party as against another.

Judgment accordingly, without costs.

---

(31 Misc. Rep. 687.)

### CROCKER v. MANHATTAN LIFE INS. CO.

(Supreme Court, Special Term, New York County. June, 1900.)

1. INJUNCTION—ADJOINING LANDOWNERS—ENCROACHMENTS—RELIEF—DAMAGES.
    Defendant's building at one end overhung plaintiff's line 1⅛ inches at plaintiff's roof, and thence was perpendicular, and at the other end the ornamental cornices and swinging iron shutters of defendant's building overhung plaintiff's line from 3 to 5 inches. The encroachment was high in the air, and the cost of removing defendant's wall would be very

large, and the corresponding benefit to plaintiff very slight. *Held*, in an action for injunction, that an injunction should not be granted, but relief should be confined to damages.

**2. SAME.**

Where defendant in an action for an injunction admitted that the cornices and iron shutters of its building overhung plaintiff's line above his roof, but made no claim of any easement therefor, the proper judgment is that defendant execute an instrument declaring that it makes no claim of easement for such shutters and cornices, and enjoining defendant from continuing them whenever plaintiff shall desire to build.

**8. SAME—RELEASE.**

Where defendant's building overhung plaintiff's line only 1⅛ inches above the roof of plaintiff's building, the encroachment being high in the air, and there being doubt whether the value of plaintiff's premises would be materially decreased thereby, damages for the encroachment were allowed on condition that plaintiff execute a release of all damages sustained.

Action by George Crocker against the Manhattan Life Insurance Company.

Hawkins, Delafield & Sturgis (Eugene D. Hawkins, of counsel), for plaintiff.

Holmes, Rapallo & Kennedy (Edward S. Rapallo, of counsel), for defendant.

LAWRENCE, J. After examining the testimony given by the different surveyors and the surveys put in evidence in this case, I am of the opinion that it has been proven that the southerly wall of the defendant's building overhangs the point on Broadway which is distant 204 feet and 6½ inches southerly from the southeasterly corner of Broadway and Wall street, at the roof of No. 70 Broadway, about 2⅝ inches. This would not bring the line of the defendant's northerly wall over the plaintiff's true southern boundary line, because the deed of the plaintiff makes the commencement point in the description of the property 204 feet 3 inches from the southeasterly corner of Broadway and Wall street. The only witness who testifies that the plaintiff's building stands upon the same line called for by the deed is Mr. Ford, who in that respect differs from all the other surveyors who were witnesses for either the plaintiff or the defendant. He still makes the southwest corner of the plaintiff's property 204 feet and 3 inches southerly from the southeasterly corner of Broadway and Wall street. Van Horn, the plaintiff's witness, makes that corner 204 feet 6½ inches. F. E. Towle, Sr., and F. E. Towle, Jr., and Rudolphe, witnesses for the defendant, make it 204 feet and 6¾ inches, and Stevenson Towle, another witness for the defendant, makes it 204 feet and 6 inches. It is claimed by the learned counsel for the plaintiff that Mr. Ford possesses some peculiar data, from which his opinion or statement as to the true point at which the northeasterly corner of Broadway and Wall street is to be found is entitled to more weight than that of all the other surveyors. I do not find any legal proof of this statement, and I conclude, therefore, that the plaintiff has failed to show that the defendant has encroached upon the line called for by his deed, at the Broadway

end of the plaintiff's property. The evidence does not establish to my mind that the plaintiff has acquired title to any land beyond the points mentioned in his deed, either at the Broadway or New street end of his property, by adverse possession. If the plaintiff's wall has moved in consequence of the excavation made to the south of his line on Broadway, and the defendant, by building its wall, has restored the line of the wall to its true position, the plaintiff or his predecessors might have maintained an action for the trespass, but that fact alone presents no case for an injunction. I am of the opinion, also, that the evidence establishes that from the roof of the defendant's building to the roof of the plaintiff's building, at the Broadway end, the defendant's north wall overhangs the plaintiff's true southerly line by $3\frac{1}{8}$ inches at the first cornice, at the second cornice $3\frac{3}{4}$ inches, and at the third cornice $4\frac{3}{4}$ inches; also, that the defendant's northerly wall extends over the plaintiff's southerly boundary line at the New-street end $1\frac{1}{8}$ inches, at the roof of the plaintiff's building, and that from that point the defendant's wall is plumb. Upon this state of facts, as the principal encroachment is in the air, I am of the opinion that the case which is presented is purely one for compensation, and that, as this action has been brought upon the equitable side of the court, while the plaintiff should be afforded proper compensation it would be most unjust to the defendant to order it to take down the northerly wall of its building, or such part as may be necessary to remove the encroachment. The evidence shows that to take down that wall would subject the defendant to enormous expense, without conferring upon the plaintiff any corresponding benefit. The principal encroachment is at a great height, and it is questionable, on the evidence, whether it will materially lessen the rental or fee value of the plaintiff's property. It is conceded by the defendant that the ornamental cornices and swinging iron shutters project over the plaintiff's southern boundary line. The shutters were placed there, as is claimed by the defendant, in obedience to chapter 275 of the Laws of 1892 (section 491). The defendant offers to enter into any obligation which may be required to show that it makes no claim in consequence of the location of the shutters and cornices, to have acquired a permanent right to keep them in their present location, or to obtain an easement in respect to them in the plaintiff's land. I conclude, therefore, that the proper judgment to be rendered in this case will be to enjoin the defendant from continuing the cornices and shutters in their present position whenever the plaintiff or his grantees shall require them so to do, if the plaintiff or his grantees should desire to build upon the premises known as "No. 70 Broadway." The defendant should also be required to execute an instrument, to be approved of by the court, declaring that it makes no claim to any right to have said cornices and shutters remain permanently in their present position. The plaintiff, too, is entitled to be compensated for the damages which he has sustained by reason of the encroachment of the defendant upon his boundary line, as above stated. On the evidence before me, it is most difficult to deter-

mine what that compensation should be, but, after considering the expert testimony produced by the parties, I have reached the conclusion that $5,000 would not be an excessive amount to be paid by the defendant to the plaintiff. The judgment will provide, however, that the plaintiff shall execute and deliver to the defendant, upon the receipt of that sum, a release for all damages which he may have sustained by reason of the encroachment. If that is declined by the plaintiff, then, as it is not always incumbent upon the court to grant an injunction where its allowance would produce vast injury to the defendant without corresponding benefit to the plaintiff, I think that I ought, in the exercise of my discretion, to refuse the plaintiff equitable relief, and remit him to his action at law. Amerman v. Deane, 132 N. Y. 355, 30 N. E. 741; Garvey v. Railroad Co., 159 N. Y. 323, 333, 54 N. E. 57; McSorley v. Gomprecht (Super. N. Y.) 26 N. Y. Supp. 917, and cases cited. Draw decision and judgment in accordance with these views, and settle on three days' notice.

Judgment accordingly.