(35 Misc. Rep. 225.)

GERKEN v. HALL.

(Supreme Court, Special Term, New York County. June, 1901.)

LANDLORD—REPAIRS OF BUILDING—INJUNCTION.

A landlord, being about to add several stories to his dwelling, will not be restrained from erecting a wooden bridge in front of a café leased by him at the suit of the tenant, because interfering to some extent with the tenant's easements of light and access, where the bridge is required by the building code of the city, and is essential to building operations.

71 N.Y.S.—48

Action by Frederick Gerken against Charles W. Hall. Motion to continue injunction denied.

Lemuel Skidmore, for plaintiff.
McCrea, Somerville & Taylor, for defendant.

BLANCHARD, J. The plaintiff, the lessee of a store of defendant known as "No. 138 Nassau Street," in the city of New York, seeks to continue the temporary injunction restraining the defendant, the owner of the building situated at the northeasterly corner of Nassau and Beekman streets, known as the "Morse Building," from erecting a wooden bridge or structure in front of the demised premises occupied by plaintiff as a first-class café and barroom. It appears that the defendant, being desirous of making certain alterations to his said building and by adding several stories to its height, has begun, and in large part completed, a heavy wooden bridge or structure around the two sides of said building, fronting on Nassau and Beekman streets, a part thereof being directly in front of the premises occupied by the plaintiff. This structure is, however, but temporary in its nature, and is placed there for the protection of those who have occasion to use the street during the course of the building operations. Under the regulations of the building department, the defendant must erect such a structure if he desires to make the proposed alterations and additions which he has undertaken. Section 80 of the building code, enacted pursuant to section 647 of the Greater New York charter.

It is contended by the plaintiff that this proposed wooden bridge will seriously impair his enjoyment of the demised premises, by cutting off his light and air to a great extent, and by lessening the value of his leasehold, in that ingress and egress will be made more difficult, and the view of the premises to passers-by will be obstructed. This may be true to a certain extent, although it is denied by defendant. Nevertheless, I am far from satisfied that the injuries, if any, which will result to plaintiff by the completion and maintenance of the structure as proposed, will be of an irreparable character, or such that plaintiff has no adequate remedy at law therefor. Besides, defendant claims that plaintiff was informed of the proposed alterations before making the lease, and of the nature and character of the structure of which he now complains. It is not claimed by plaintiff that the wooden bridge is more cumbersome than the exigencies of the case or the requirements of the law demand, nor that plaintiff's rights as tenant are being impaired to any greater extent than is absolutely necessary. A continuance of the injunction, under the circumstances of this case, would seem to me to work a greater hardship to defendant than the vacation of it would to plaintiff. In such a case, under the authorities, the injunction should not be continued. Trustees, etc., v. Thacher, 87 N. Y. 317, 41 Am. Rep. 365; St. Regis Paper Co. v. Santa Clara Lumber Co., 55 App. Div. 225, 232, 67 N. Y. Supp. 149; McSorley v. Gomprecht (Super. N. Y.) 26 N. Y. Supp. 917. It would be establishing a dangerous precedent to grant an injunction in every case where, as here, the possible rights and privileges

of a tenant are temporarily, but not unnecessarily, interfered with by proposed alterations and improvements to the landlord's building, even though the tenant may suffer some damage thereby. To hold otherwise would seriously affect future building operations, and timely and necessary improvements of buildings. "It certainly is not the doctrine of courts of equity," says Judge Danforth in his opinion in the case of Trustees, etc:, v. Thacher (page 317, 87 N. Y., and page 367, 41 Am. Rep.), "to enforce, by its peculiar mandate, every contract, in all cases. * * * It gives or withholds such decree according to its discretion, in view of the circumstances of the case." So, in the present case, I deem it inequitable to continue the injunction, and the motion must be denied, with $10 costs to defendant to abide the event, and the injunction heretofore granted vacated.

Motion denied, with $10 costs to abide event, and injunction vacated.