FREDERICK GERKEN, Appellant, *v.* CHARLES WARD HALL and "JOHN" CODY, the Name "John" being Fictitious, the Real Name of Said Defendant being Unknown to Plaintiff, Respondents.

*Temporary structure over a sidewalk to protect pedestrians while additional stories are put upon a building — its continuance not enjoined on the application of a tenant of the ground floor.*

A tenant, under a lease containing a covenant of quiet enjoyment, of a store on the ground floor of a building which the landlord proposes to alter by adding thereto several stories, is not entitled to an injunction restraining the landlord from constructing, in accordance with the regulations of the building department of the city in which the building is located, a temporary wooden structure over the sidewalk in front of the store for the protection of persons having occasion to use the street during the course of the building operations, on the ground that it will seriously impair his enjoyment of the demised premises, especially where the landlord claims that the tenant was informed of the proposed alteration and of the nature and character of the bridge before making the lease, and it does not appear that the tenant has not an adequate remedy at law, and the continuance of the injunction will result in a greater hardship to the landlord than benefit to the tenant.

VAN BRUNT, P. J., dissented.

APPEAL by the plaintiff, Frederick Gerken, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 4th day of June, 1901, denying the plaintiff's motion to continue a temporary injunction theretofore granted in the action.

*George H. Taylor, Jr.*, for the appellant.

*Lemuel Skidmore*, for the respondents.

Order affirmed, with ten dollars costs and disbursements, on opinion of court below.

Present — VAN BRUNT, P. J. (dissenting), PATTERSON, O'BRIEN, INGRAHAM and LAUGHLIN, JJ.

The following is the opinion of BLANCHARD, J., delivered at Special Term:

BLANCHARD, J.:

The plaintiff, the lessee of a store of defendant, known as No. 138 Nassau street, in the city of New York, seeks to continue the temporary injunction restraining the defendant, the owner of the building situated at the northeast corner of Nassau and Beekman streets, known as the Morse Building, from erecting a wooden bridge or structure in front of the demised premises occupied by plaintiff as a first-class café and barroom.

It appears that the defendant, being desirous of making certain alterations to his said building and of adding several stories to its height, has begun and, in a large part, completed a heavy wooden bridge or structure around the two sides of said building, fronting on Nassau and Beekman streets, a part thereof being directly in front of the premises occupied by the plaintiff.

This structure is, however, but temporary in its nature, and is placed there for the protection of those who have occasion to use the street during the course of the building operations. Under the regulations of the building department the defendant must erect such a structure if he desires to make the proposed alterations and additions which he has undertaken. (§ 80 of the Building Code, enacted pursuant to § 647 of the Greater New York charter [Laws of 1897, chap. 378].)

It is contended by the plaintiff that this proposed wooden bridge will seriously impair his enjoyment of the demised premises, by cutting off his light and air to a great extent, and by lessening the value of his leasehold in that ingress and egress will be made more difficult and the view of the premises to passers-by will be obstructed. This may be true to a certain extent, although it is denied by defendant. Nevertheless, I am far from satisfied that the injuries, if any, which will result to plaintiff by the completion and maintenance of the structure as proposed will be of an irreparable character, or such that plaintiff has no adequate remedy at law therefor. Besides, defendant claims that plaintiff was informed of the proposed alteration before making the lease, and of the nature and character of the structure of which he now complains.

It is not claimed by plaintiff that the wooden bridge is more cumbersome than the exigencies of the case or the requirements of

the law demand, nor that plaintiff's rights as tenant are being impaired to any greater extent than is absolutely necessary.

A continuance of the injunction under the circumstances of this case would seem to work a greater hardship to defendant than the vacation of it would to plaintiff. In such a case, under the authorities, the injunction should not be continued. (*Trustees of Columbia College* v. *Thacher*, 87 N. Y. 317; *St. Regis Paper Co.* v. *Santa Clara Co.*, 55 App. Div. 225, 232; *McSorley* v. *Gomprecht*, 30 Abb. N. C. 412.)

It would be establishing a dangerous precedent to grant an injunction in every case where, as here, the possible rights and privileges of a tenant are temporarily but not unnecessarily interfered with by proposed alterations and improvements to the landlord's building, even though the tenant may suffer some damage thereby. To hold otherwise would seriously affect future building operations and timely and necessary improvements of buildings. "It certainly is not the doctrine of courts of equity," says Judge DANFORTH, in his opinion in the case of *Trustees of Columbia College* v. *Thacher* (*supra*, 317), "to enforce by its peculiar mandate every contract in all cases. * * * It gives or withholds such decree according to its discretion, in view of the circumstances of the case."

So, in the present case, I deem it inequitable to continue the injunction, and the motion must be denied, with ten dollars costs to defendant to abide the event, and the injunction heretofore granted, vacated.

VAN BRUNT, P. J. (dissenting):

I dissent from the conclusion arrived at by the majority of the court affirming the order in this case upon the opinion of the court below. If the rule adopted in this case is to prevail, tenants have no protection whatever against aggressions of their landlords, when such landlords have the ability to respond to any judgment which may be recovered in an action at law. This is the first time in the history of jurisprudence in this State, so far as I have been able to learn, that a covenant for quiet enjoyment has been deliberately violated by a landlord and no protection has been afforded to the tenant except his right to bring an action for damages. Cases are

cited where the courts have remitted a landlord to his action for damages where he has sought to enforce a restrictive covenant against the use of the premises. But none can be found where the landlord has threatened to and is deliberately violating his covenant of quiet enjoyment of the premises leased and the tenant has not been afforded any protection.

It is said that the maintenance of an injunction, under the circumstances disclosed in this case, would seem to work a greater hardship to the landlord than a vacation of it would to the tenant. In other words, notwithstanding that the landlord deliberately violates his covenant of quiet enjoyment, because by such violation he may gain greater advantages than the damage he does to his tenant, therefore, the tenant is not to be protected. It seems to me that this is a dangerous doctrine.

It is urged that the landlord notified the tenant that he was going to make certain improvements. This, however, the tenant denies. But if he did, and he then went on and covenanted that the tenant should enjoy the premises for the term leased, which is to prevail, his notice or his covenant?

It is said in the opinion of the court below : "It would be establishing a dangerous precedent to grant an injunction in every case where, as here, the possible rights and privileges of a tenant are temporarily but not unnecessarily interfered with by proposed alterations and improvements to the landlord's building, even though the tenant may suffer some damage thereby." Why then did the landlord make the lease? To what extent is he to be allowed to interfere and violate his covenant? Who is to judge? What security has the tenant? How is the tenant to give proof in a court of law as to how many people have been deterred from entering his establishment by this serious disturbance of the facilities of ingress and egress on and from the premises leased?

The landlord has a big building which he desires to improve. The tenant has but a small portion of that building. The landlord's interests are great and the tenant's small; but the small interest of the tenant is entitled to the same protection of the law as the large interest of the landlord. His ewe lamb may be of vastly more importance to the tenant than the numerous flocks of the landlord to him.

The order should be reversed.