(41 Misc. Rep. 17.)

### CITY OF NEW YORK v. KNICKERBOCKER TRUST CO.

(Supreme Court, Special Term, New York County. June, 1903.)

1. INJUNCTION—ENCROACHMENT ON STREET.

    Plaintiff city sued to compel defendant to remove steps, coping, and an area, forming part of a building in the course of construction, and encroaching illegally on a street. Defendant claimed that these constructions formed a part of the plans filed with and approved by the department of buildings, and that the board of aldermen authorized such construction, and that it is partially completed. *Held*, that a temporary injunction would be denied, as working greater hardship than its refusal would to the plaintiff.

Action by the city of New York against the Knickerbocker Trust Company. Application for temporary injunction. Denied.

George L. Rives, Corp. Counsel (Arthur F. Cosby, of counsel), for plaintiff.

Davies, Stone & Auerbach (Julien T. Davies and Julien T. Davies, Jr., of counsel), for defendant.

BLANCHARD, J. This is an application for a temporary and mandatory injunction in an action brought to require the removal of steps, coping, and area, forming part of a building in course of construction at the northwest corner of Thirty-Fourth street and Fifth avenue. The granting or refusal of a temporary injunction is a matter of discretion with the court. Preliminary injunctions which only prevent the defendant from doing an act which would render the final judgment ineffectual may be granted with some readiness, but those which in effect determine the litigation, and give the same relief which it is expected to obtain by the judgment, should be granted with great caution, and only when necessity requires. Bronk v. Riley, 50 Hun, 489–492, 3 N. Y. Supp. 446. It is claimed by the city that the coping, steps, and area encroach upon the street and avenue in violation of law. The encroachment is not denied, but defendant

claims that the encroachments, if any, are a part of the "portico"; that the authority to build the same was obtained from the city authorities, by resolution of the board of aldermen; that the parts of the structure which are the subject of complaint were indicated in the precise manner as constructed upon plans filed in 1901, in accordance with law, in the department of buildings of the city, and approved by the same. I do not think that the neglect of the proper authorities of the municipal government, if such neglect there was, can deprive the public of their rights in a public thoroughfare, and the approval of the building department of the plans filed, if such plans were in violation of the law and tended to deprive the people of their rights in the street, would not be sufficient to legalize the encroachments sought to be removed in this action. The encroachments complained of are practically completed at the present time, and the fact that they have been completed in full compliance with plans filed with the building department, and approved by it, may properly be considered, on this application, as affecting the exercise of the discretion resting with the court. Furthermore, I do not consider that the fact that numerous other violations of a similar character exist, as urged by the defendant, affords any excuse for the present violation, if it be determined to be one; but, conceding that the city is entitled to the relief sought in this action upon the trial thereof, it does not necessarily follow that it is entitled to a preliminary injunction. "Such an injunction should not be granted * * * unless without it the court could not, by its final judgment, do justice between the parties." Van Veghten v. Howland, 12 Abb. Prac. (N. S.) 461. And in this action there is no reason why, by final judgment, justice cannot be done. If the encroachments complained of are in violation of law, their removal can be decreed. The defendant will complete them at its peril. As they are substantially completed at the present time, and some measure of acquiescence has been given to the work now done by the city authorities, as I have indicated, I have determined not to require either their removal, or to restrain their completion, at the present time. When the granting of a temporary injunction would work a greater hardship to the defendant than its refusal would to the plaintiff, the injunction should be refused. Gerken v. Hall, 65 App. Div. 16–18, 73 N. Y. Supp. 1135, and cases there cited. The proper exercise of the discretion resting with the court leads to the denial of this application. Motion is denied, without costs.

Motion denied, without costs.