Sidney B. Bowman Automobile Company, Respondent, *v.* Walter J. Salmon and Others, Defendants, Impleaded with Strathmore Leasing Co., Inc., Appellant.

First Department, May 19, 1922.

Landlord and tenant — lease of stores and buildings — action not maintainable on covenant of quiet enjoyment against lessee of entire building who leased building after execution of plaintiff's lease, and against contractors altering building — complaint states cause of action in tort for wrongfully interfering with plaintiff's rights — order directing judgment for plaintiff on pleadings affirmed, though granted on wrong theory.

An action by a tenant of certain stores in a building against the lessee of the entire building who leased the building after plaintiff's lease was executed and subject thereto, and against contractors engaged in altering the building, for damages

resulting from the interference with plaintiff's rights and business caused by extensive alterations in the building other than the stores occupied by the plaintiff, cannot be maintained on the covenant of quiet enjoyment in the lease, for the defendant lessee never contracted with the tenant for its quiet enjoyment of the premises.

But the complaint, which alleges that, while plaintiff was in possession of the stores in question under its lease, the defendants began operations for the alteration of the entire building to change the same from one for residential purposes above the street floor to one for business purposes, and in the course of operations caused noise, jarrings and vibrations of the building, and caused the ceiling and walls of the plaintiff's store to crack, and erected in front of the building a wooden structure for use in making the alterations, and that as a result thereof the tenant suffered damages, states a cause of action against all the defendants for their wrongful acts in interfering with the rights of the plaintiff in the premises.

Though the trial court granted plaintiff's motion for judgment on the pleadings on the theory that it had a right to sue on the covenant of quiet enjoyment, which theory was erroneous, nevertheless, the order will be affirmed since the complaint states a good cause of action in tort.

CLARKE, P. J., dissents.

APPEAL by the defendant, Strathmore Leasing Co., Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 7th day of June, 1921, granting plaintiff's motion for judgment on the pleadings consisting of a complaint and a demurrer thereto.

*Bond & Babson* [*Walter H. Bond* of counsel], for the appellant.

*Isaac N. Jacobson* of counsel, for the respondent.

MERRELL, J.:

This action was brought by the plaintiff, Sidney B. Bowman Automobile Company, against Strathmore Leasing Co., Inc., Walter J. Salmon, Longacre Building & Supply Co., Inc., and Ferdinand S. Salmon. In its complaint the plaintiff alleged that the plaintiff and the corporate defendants are all domestic corporations; that one George H. Earle, Jr., was and is the owner in fee of certain real property including a nine-story building thereon situate at the northeast corner of Broadway and Fifty-second street in the borough of Manhattan, New York city; that on or about July 26, 1916, the plaintiff and said Earle entered into an agreement in writing, by the terms whereof said Earle leased to the plaintiff the store known as stores Nos. 1 and 2 of said premises for the term of five years and two months, beginning August 1, 1916, and ending September 30, 1921, at annual rentals varying from $7,500 for the first year to $8,500 for the last two years of the term.

Plaintiff further alleged that in and by said lease it was provided and the lessor covenanted that the plaintiff should and might

peaceably have, hold and enjoy the said demised premises for the term aforesaid, and that plaintiff entered into the possession and occupation thereof on or about August 1, 1916, and continued in possession and occupation thereof up to December 1, 1920.

Plaintiff, in its complaint, further alleged, on information and belief, that subsequent to August 1, 1916, and prior to January 1, 1920, the said Earle leased the entire building, of which the premises demised to the plaintiff were a part, to the defendant Strathmore Leasing Co., Inc., subject to the aforesaid lease to the plaintiff, by virtue whereof the defendant Strathmore Leasing Co., Inc., entered into, has ever since been and now is in possession of said building, subject to plaintiff's possession and occupation of said store; that during all the times mentioned the said store so occupied by plaintiff fronted thirty-one and one-half feet on Broadway and fifty-six feet on Fifty-second street; that the entrance was on the corner, and that the entire front on both streets was of plate glass from floor to ceiling, a height of about twelve feet; that said lease to the plaintiff provided that plaintiff should use said store for the sale of automobiles, and that plaintiff would not let or underlet nor permit the whole or any part thereof to be used for any purpose other than the sale of automobiles.

Plaintiff further alleges that prior to August 26, 1920, plaintiff remodeled said store so as to make it suitable for the sale of automobiles, at an expenditure of over $2,000; and that at all the times in the complaint mentioned the plaintiff used the store for the sale of automobiles exclusively, employing therein thirteen persons at an expense of $1,000 per week; and that it expended in advertising the sale of automobiles at said store the sum of about $700 per week, and also expended in the maintenance of said salesroom and the upkeep thereof in excess of $100,000 per year.

Plaintiff further alleged in its said complaint that the defendants Walter J. Salmon, Ferdinand S. Salmon and Longacre Building & Supply Co., Inc., having at all times in the complaint mentioned full and complete knowledge of all the facts thereinbefore alleged, did, between on or about February 1, 1920, and August 26, 1920, wrongfully conspire and agree together and with the defendant Strathmore Leasing Co., Inc., to cause, aid and abet said Strathmore Leasing Co., Inc., to violate and breach the covenant of quiet enjoyment contained in plaintiff's said lease, in that from August 26, 1920, until December 1, 1920, the defendants were engaged in conducting, making, supervising and directing alterations and improvements to the building above plaintiff's store, changing the building above the street floor from one for residential purposes, for which it had theretofore been used, to one for business purposes,

and by changing the front of the second and third floors from stone and brick to glass; and that in connection with such alterations they caused continued noise and jarrings and vibrations of the said building, and the ceilings and walls of plaintiff's store to crack and become loosened and parts thereof to fall and dust and dirt to enter into and upon the plaintiff's said store, and water and other substances to come through the ceiling of plaintiff's said store in and upon personal property and chattels of the plaintiff therein; and that they drove bars and beams through the walls and ceiling of plaintiff's said store, and erected or caused to be erected along the entire front of plaintiff's said store along the Fifty-second street side, a wooden structure extending from the building at the top of plaintiff's said store over the sidewalk adjacent thereto and to the curb line and supported at said curb line by beams or posts, and having a solid roof, and caused and permitted said structure to remain until on or about October 15, 1920, when the defendants removed part thereof, and caused and permitted the balance thereof to remain until December 1, 1920, and erected or caused to be erected a similar structure along the entire length of plaintiff's said store on the Broadway side, and caused and permitted the same to remain for several days, and caused to be deposited in front of the plaintiff's said store a large amount of material used in and about said alterations and improvements, and caused and permitted such material to remain for a long period of time, and obstructed or partly obstructed the entrance to plaintiff's said store; that all of said acts, except the removal of the portion of said structure, were without the consent of and against the protest of the plaintiff.

Plaintiff alleges in its said complaint that by reason of the acts of the defendants, as aforesaid, the plaintiff's business and the use and occupation of the demised premises was interfered with, and the plaintiff was deprived of the enjoyment of said premises and was deprived of light and air, and access to and from said premises was obstructed and interfered with; and that plaintiff lost a large amount of sales of its said automobiles and the profits accruing therefrom, amounting to $50,000, and lost the benefit of the expense aforesaid incurred by plaintiff for the maintenance and upkeep of said store, the payments to its employees, and the advertising aforesaid; that by reason of the premises the plaintiff sustained damages in the sum of $100,000, for which judgment was demanded.

To this complaint the defendants demurred. The court sustained the demurrers to the complaint of all of the defendants, save the defendant, appellant, herein, the Strathmore Leasing Co., Inc. The appellant demurred upon the ground: *First,* that causes of action

were improperly united; and, *second,* that the complaint did not state facts sufficient to constitute a cause of action against the said defendant, appellant. Plaintiff moved for judgment on the pleadings, and that the appellant's demurrer to its complaint be overruled. The court granted plaintiff's motion as to the appellant, and denied the motion as to the other demurring defendants.

In deciding plaintiff's motion for judgment on the pleadings, the court wrote a brief memorandum, in which it stated that it was clear from the complaint that its draftsman intended to set out but one cause of action, and that upon contract; and that in his brief plaintiff's counsel removed whatever doubt upon that subject might otherwise exist. The court held the complaint good as against the Strathmore Leasing Co., Inc., the appellant herein, for breach of the covenant of quiet enjoyment, and that said complaint was bad against the other demurrants, holding that their liability, if any, was as tort feasors, for malicious interference with the plaintiff's contract rights; that the plaintiff's theory, as expressed in the complaint, limited it to showing a failure to perform contractual relations; that, as the defendants, other than the Strathmore Leasing Co., Inc., were not under any contractual obligation to the plaintiff, their demurrer for insufficiency must be sustained. We think the court clearly erred in such disposition of plaintiff's motion for judgment on the pleadings. The covenant of quiet enjoyment contained in plaintiff's lease was not the covenant of the Strathmore Leasing Co., Inc., but the covenant of Earle, plaintiff's lessor. The defendant Strathmore Leasing Co., Inc., never contracted with the plaintiff for plaintiff's quiet enjoyment of the premises. There were no contractual relations between the plaintiff and the Strathmore Leasing Co., Inc., Therefore, we think the ground upon which the learned court at Special Term held the appellant liable was untenable. We think, however, that the complaint, while inartificially drawn, did allege facts sufficient to constitute a cause of action against the appellant, and, indeed, against all of the defendants, for their wrongful acts in interfering with the rights of the plaintiff in said premises. However, the court at Special Term sustained the demurrers of all of the defendants, save the appellant, and denied plaintiff's motion for judgment on the pleadings against said defendants. The plaintiff has not appealed from said order, and cannot now take advantage of what we regard as the error of the court in dismissing the complaint against the appellant's codefendants. As to the appellant, we think, therefore, the court properly overruled its demurrer and granted plaintiff's motion for judgment on the pleadings, although such action of the court was upon an erroneous theory.

The parties have heretofore been before this court·on two different occasions: *First*, upon an appeal from an order of the Special Term denying plaintiff's motion for an injunction *pendente lite* directing the defendant, its servants, agents and employees, to forthwith remove a structure erected by the defendant in front of the said premises occupied by the plaintiff under its said lease. The complaint in said action was in equity and prayed for judgment directing the defendant, its agents, servants and employees forthwith to remove said structure, and enjoining and restraining them from erecting any other or similar structure in front of the plaintiff's said demised premises, and from interfering with the plaintiff's peaceable and quiet enjoyment thereof. The Special Term denied plaintiff's application for a temporary injunction upon the ground that the plaintiff had an adequate remedy at law in an action for damages. On appeal to this court said order of the Special Term was affirmed by a divided court, without any opinion being written by the majority of the court. (*Bowman Automobile Co.* v. *Strathmore Leasing Co., Inc.*, 194 App. Div. 887.) The effect of such affirmance by this court was that the Special Term properly denied plaintiff's application upon the ground that it had. an adequate remedy at law against the defendant, appellant, in an action for damages sustained.

The second appeal was from an order of the Special Term in an action brought by this plaintiff, respondent, against Walter J. Salmon, Strathmore Leasing Co., Inc., Longacre Building & Supply Co., Inc., Paul Chapman, and Ferdinand S. Salmon, to recover $250,000 damages alleged to have been sustained by the plaintiff as a tenant in possession of said premises, by reason of the collapse of the building thereon while alterations were being made by the defendants. Both defendants Salmon and the defendant Longacre Building & Supply Co., Inc., demurred to the plaintiff's complaint upon the ground that it did not state facts sufficient to constitute a cause of action against the demurring defendants, respectively. The said demurrers coming on to be heard upon plaintiff's motion for judgment on the pleadings, the court overruled the same and granted plaintiff's motion for judgment on the pleadings as to each defendant. On appeal to this court the order of the Special Term was unanimously affirmed (*Bowman Automobile Co.* v. *Salmon*, 199 App. Div. 924).

Upon the ground that the complaint states facts sufficient to constitute a cause of action against the appellant for damages by reason of its wrongful interference with plaintiff's property rights, the order appealed from should be affirmed, with ten dollars costs and disbursements, with leave to the appellant to withdraw said

demurrer and answer the plaintiff's complaint, upon payment of said costs and ten dollars costs of motion at Special Term.

LAUGHLIN and SMITH, JJ., concur; CLARKE, P. J., dissents.

GREENBAUM, J. (concurring):

The complaint in this action alleges that, subsequent to the time that Earle, the original owner, made a lease of the store to the plaintiff company, he leased the entire building of which plaintiff's demised premises were a part " subject to the aforesaid lease to this plaintiff by virtue whereof the defendant Strathmore Leasing Company entered into and has ever since been and now is in possession of said building subject to plaintiff's possession and occupation of said store."

It seems to me that the cause of action alleged in the complaint is based on tort arising from the alleged conspiracy of the defendant, appellant, and its codefendants in interfering with the covenant of quiet enjoyment in the plaintiff's lease. But the appellant, being in possession of the entire premises under a lease thereof made subsequent and subject to the plaintiff's lease, became entitled to the right to collect the rent payable thereunder, and thus owed the latter the independent duty of upholding the covenant for quiet enjoyment of its lease.

In 16 Ruling Case Law (p. 638, " Concurrent Leases, par. 123 ") the rule is, I believe, correctly stated as follows: " The lessor may convey to a third person his reversion, by a concurrent lease under seal, and the lessee thereunder becomes the landlord of the first lessee with the right to collect the rent and enforce the covenants of the first lease until the expiration of the term of one or the other of the two leases. * * * A second lease for a term of years while an existing lease is outstanding is taken subject to the rights of the prior lessee if the second lessee has or is chargeable with notice of the prior lease."

Order affirmed, with ten dollars costs and disbursements, with leave to defendant to withdraw demurrer and answer plaintiff's complaint upon payment of said costs and ten dollars costs of motion at Special Term.