THE HORN & HARDART COMPANY, Plaintiff, *v.* 455 SEVENTH AVENUE, INC., and Another, Defendants.

Supreme Court, New York County, April 12, 1930.

*Masten & Nichols* [*John A. Kelly* and *Walter S. Throop* of counsel], for the plaintiff.

*Wise & Seligsberg* [*Joseph M. Proskauer, Alfred F. Seligsberg* and *J. Alvin Von Bergh* of counsel], for the defendants.

FRANKENTHALER, J. This is an application by the plaintiff for a temporary injunction. The moving party, the Horn & Hardart Company, operates a restaurant on part of the ground floor and in the basement of a seventeen-story office and loft building at 449–459 Seventh avenue, 163–167 West Thirty-fourth street and 160 West Thirty-fifth street. The restaurant extends over into a three-story building on the northeast corner of Thirty-fourth street and Seventh avenue. The plaintiff holds these properties under long term leases, which still have many years to run, from defendants 455 Seventh Avenue, Inc., and Penidor Corporation, the owners of the leaseholds on the parcels. Both these companies are subsidiaries of R. H. Macy & Co., Inc. On March 10, 1930, the defendants notified the plaintiff in writing of their intention to demolish the seventeen-story building from the third floor upward, to build seventeen stories of new construction above that level, and to make changes in the second story front. This communication referred to the necessity of erecting a sidewalk bridge, as required by the New York City Building Code, and expressed the defendants' desire to co-operate with the plaintiff so that the work might be done with the least possible inconvenience to the latter. The plaintiff thereupon commenced this action in which it seeks to enjoin the defendants from proceeding with the demolition and construction contemplated by them. It urges that its business will be seriously interfered with as a result of the building operations, and that monetary damages

would not constitute an adequate remedy because of the difficulty of their ascertainment. Particular reference is made to the necessity of sidewalk bridges and chutes for the carrying of material and debris, to the dirt and dust which will enter into plaintiff's lunch room, to the impairment of its easements of light, air and access, and to the noise and disturbance which it anticipates will accompany the work It appears that the building which it is planned to erect is to constitute an extension of or an addition to the present retail store conducted by R. H. Macy & Co., Inc.; that the latter acquired its interest in the parcels in question in order to meet the demands of its rapidly expanding business; that large sums of money have been paid in order to obtain possession of the present buildings above the ground floor; and that various other expenditures have been made and obligations incurred in contemplation of the carrying out of Macy's building program. If the defendants are halted from proceeding with their plans until after the expiration of the plaintiff's main lease, in January, 1945, it is apparent that the damage suffered by them as a consequence will be enormous. In order to inconvenience the plaintiff as little as possible the defendants offer to place every possible safeguard and precaution about their work. The sidewalk bridge will have its top thirty-two feet above the sidewalk, that is, fourteen feet higher than the top of the plaintiff's premises. It will be illuminated at night with powerful electric lights. If the plaintiff wishes it, the lights will be lit during the day as well, although it is stated that there will be ample daylight because of the unusual height of the bridge and the large spaces between the pillars supporting it. The pillars will be only twelve inches square and will be set twenty feet apart and on the curb line. To make this possible a highly expensive form of steel will be used. The defendants offer to place upon the bridge signs and such other advertising matter as the plaintiff may desire. The top of the bridge will be waterproof and dustproof. The claim that a great deal of dust will accumulate and find its way into the plaintiff's premises is met with an offer by the defendants to add a dust filter to the plaintiff's ventilator at their own expense. As to the fear expressed that building materials and debris and the chutes needed for carrying them will interfere with the plaintiff's business, suffice it to state that the defendants have procured space on Thirty-fifth street sixty-five feet east of Seventh avenue, which will be used for the storage of all materials, and the chutes will have their outlet on Thirty-fifth street. There will be no material or debris whatsoever on Thirty-fourth street or on Seventh avenue, where the plaintiff has its entrance.

The defendants seek to overcome the claim that there will be

much noise by offering to keep the second floor vacant and to construct on top of the first floor a waterproof and dustproof roof designed to act as a cushion or buffer against the noises going on above. In this connection it is pointed out that the street noises at Thirty-fourth street and Seventh avenue are quite considerable. Defendants maintain that as a result of the precautions they propose to take there will be no exceptional noises arising above the din normally to be found at that location. In addition to the foregoing the defendants offer to give a surety company bond in any sum the court may fix to insure the collection by the plaintiff of such damage as it may sustain and they offer to take any other precautions in connection with their work which the court may require of them. The sidewalk bridge, however, cannot be dispensed with as its erection is compulsory by virtue of the provisions of the New York City Building Code.

It seems to me, if the demolition and reconstruction are performed in the manner and with the safeguards proposed by the defendants, that the plaintiff's apprehensions are to a very large extent unwarranted. The latter appears to have assumed that it is humanly impossible for the defendants to carry out their building program without irreparable injury to its business and merely upon notice that the defendants were about to begin operations, and without even waiting for their commencement, the plaintiff has rushed to court to restrain them. In the situation now presented the following language of Mr. Justice BLANCHARD, upon whose opinion the Appellate Division affirmed an order denying a temporary injunction under similar circumstances (*Gerken* v. *Hall*, 65 App. Div. 16), seems particularly apposite: " It would be establishing a dangerous precedent to grant an injunction in every case where, as here, the possible rights and privileges of a tenant are temporarily but not unnecessarily interfered with by proposed alterations and improvements to the landlord's building, even though the tenant may suffer some damage thereby. To hold otherwise would seriously affect future building operations and timely and necessary improvements of buildings." In the case cited the landlord had commenced the erection of a wooden bridge around two sides of the building occupied by the tenant as a first-class cafe and barroom. The court refused to enjoin the continuation of the work, saying: " It is contended by the plaintiff that this proposed wooden bridge will seriously impair his enjoyment of the demised premises, by cutting off his light and air to a great extent, and by lessening the value of his leasehold in that ingress and egress will be made more difficult and the view of the premises to passers-by will be obstructed. This may be true to a certain extent, although it is

denied by defendant. Nevertheless, I am far from satisfied that the injuries, if any, which will result to plaintiff by the completion and maintenance of the structure as proposed will be of an irreparable character, or such that plaintiff has no adequate remedy at law therefor. * * * It is not claimed by plaintiff that the wooden bridge is more cumbersome than the exigencies of the case or the requirements of the law demand, nor that plaintiff's rights as tenant are being impaired to any greater extent than is absolutely necessary. A continuance of the injunction under the circumstances of this case would seem to work a greater hardship to defendant than the vacation of it would to plaintiff. In such a case, under the authorities, the injunction should not be continued. (*Trustees of Columbia College* v. *Thacher*, 87 N. Y. 317; *St. Regis Paper Co.* v. *Santa Clara Co.*, 55 App. Div. 225, 232; *McSorley* v. *Gomprecht*, 30 Abb. N. C. 412.)" In *Bowman Automobile Co.* v. *Strathmore Leasing Co., Inc.* (194 App. Div. 887) an order denying a temporary injunction in an analogous situation was affirmed on the ground that the plaintiff possessed an adequate remedy at law. (See same case, 201 App. Div. 360–365.)

Authorities dealing with a situation where there was an actual interference with the tenant's *physical* possession are to be distinguished, and are not applicable here. Cases such as *Meers* v. *Munsch-Protzmann Co.* (217 App. Div. 541), cited by the plaintiff, and *Ginsburg* v. *Woolworth & Co.* (179 id. 364) fall within that category. Even where a temporary injunction has been granted (*Haskins* v. *Fuller Co.*, 36 Misc. 38), the court did not restrain the demolition but merely imposed the limitation that there be no material interference with the plaintiff's enjoyment of her basement store.

As I am not persuaded by the papers before me that there will be any substantial interference with the plaintiff's rights, which may not be adequately compensated by way of damages, I feel constrained to deny the motion for a preliminary injunction upon condition that the defendants file a proper undertaking in a sum to be fixed in the order to be entered hereon. Suggestions as to the amount will be received from counsel upon the settlement of the order. In the event that the defendants fail to adopt the safeguards and precautions proposed by them, or in the contingency that it is satisfactorily established that despite these protective measures the plaintiff's enjoyment of the premises is materially interfered with to such an extent that money damages will not afford adequate compensation for the injuries suffered, the plaintiff may renew its application. The motion is denied on the conditions indicated and the temporary stay vacated. Settle order.