ELIZA JANE McCONKEY, Appellant, *v.* TITLE GUARANTEE AND TRUST COMPANY, Respondent.

First Department, February 11, 1937.

*James F. Dwyer* of counsel [*Ethelbert Warfield* and *Thomas E. Monaghan* with him on the brief; *Kellogg, Emery & Innes-Brown,* attorneys], for the appellant.

*Richard S. Holmes* of counsel [*Milbank, Tweed, Hope & Webb,* attorneys], for the respondent.

UNTERMYER, J. The action is for money had and received by the defendant, based upon an executed rescission, wherein the plaintiff seeks to recover the purchase price of a guaranteed mortgage certificate sold by the defendant to the plaintiff and her deceased husband. It is charged that in connection with the sale the defendant

made false representations concerning the property covered by the mortgage certificate. At the conclusion of the case the trial justice directed a verdict in the defendant's favor.

On May 3, 1929, the plaintiff and her husband, intending to invest $5,500 in a guaranteed first mortgage certificate, visited a representative of the defendant. The plaintiff testified that her husband said to the defendant's representative, "You know the kind of property I want. I don't like business property; I like residence property," to which the defendant's representative replied, " All right," stating further that he had a bond of the Nereid Boulevard Corporation on property situated on Bronx boulevard, the location of which " will be on your certificate."

When the certificate was delivered it described the property as situated on " Bronx Boulevard, 100 ft. south of 228th St., Bronx, N. Y.," premises which, it was shown, were improved with an apartment house. In point of fact, the property covered by the mortgage certificate was on Bronx boulevard, 100 feet south of Two Hundred and Thirty-eighth street, improved not with residential but with a business structure. However, since the plaintiff did not examine the certificate until a long time after it was received, she cannot be said to have been influenced in making the investment by what it contained. The same, however, is not true of the conversation which occurred in her presence between her husband and the defendant's representative on May 3, 1929, when the investment was first agreed upon. From that conversation, as related by her, she was justified in concluding that the certificate, when delivered, would be secured by residential and not by business property. We think the jury could find that such a representation was of a material fact calculated to influence the judgment of a prospective investor in a mortgage loan.

The defendant insists that the complaint alleges only a false representation concerning the location of the premises and not relating to the nature of the improvement. But the evidence that the defendant represented the property to be residential in character was received in accordance with a ruling of the trial court that no amendment of the complaint was necessary for that purpose. The correctness of that ruling is not open for consideration on this appeal at the instance of the party who prevailed in the court below. (*Beach* v. *Cooke*, 28 N. Y. 508, 535; *Bowman Automobile Co.* v. *Salmon*, 201 App. Div. 360.) Likewise, the contention, apparently relied on by the defendant at the trial, that the plaintiff had ratified the transaction has now been withdrawn by the respondent and is not considered in the disposition of this appeal.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

MARTIN, P. J., McAvoy, O'MALLEY and GLENNON, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.