Jawn A. Sandifer, J.
Defendant William B. May & Co. (hereinafter referred to as May) moves for an order dismissing the cross claims alleged against it by the codefendant John Stewart Photography, Inc. (hereinafter referred to as Stewart Photo).
Upon the facts presented herein, I am of opinion that, even if the indemnity agreement here in question could fairly be construed, in accordance with Stewart Photo’s contentions, as covering and protecting it against a claim such as that asserted in plaintiff’s third cause of action, it would be unenforcible for such purpose. First of all, before the indemnity agreement could be invoked for such purpose, a finding would be required that Stewart Photo, acting either alone or in concert with defendant May, was guilty of a deliberate tortious interference with plaintiff’s rights to a commission and that plaintiff was damaged thereby. Such a finding, however, would, ipso facto, vitiate any possibility of a recovery over by Stewart Photo from May, under the indemnity agreement, of the damages the former would be required to pay in satisfaction of plaintiff’s judgment. The court will not lend its aid to one who bases his cause of action upon his own willful and deliberate, as opposed to merely negligent, tortious act in violating the contract rights of a third party (see Hocking Val. Ry. Co. v. Barbour, 190 App. Div. 341; Reiner v. North American Newspaper Alliance, 259 N. Y. 250; Attridge v. Pembroke, 235 App. Div. 101; Roberts v. Criss, 266 F. 296), or to the enforcement of a covenant of immunity that will protect one who acts in bad faith (see Industrial & General Trust v. Tod, 180 N. Y. 215; Christian Mills v. Savoia Macaroni Mfg. Co., 228 App. Div. 717). The first cross claim contained in the answer of defendant Stewart Photo is accordingly dismissed as it clearly falls within the purview of the doctrine enunciated in the cases cited above.
The second cross claim, insofar as it purports to seek indemnity, pursuant to the said agreement, for all expenses, including attorneys’ fees, incurred in connection with the cross claimant’s defense of the cause of action asserted against it in the *332 amended complaint, is similarly defective and unenforcible for the reasons above stated. Such portion of the claim asserted therein should therefore be eliminated. However, the language of the indemnity agreement, fairly construed, does embrace claims of the kind asserted against Stewart Photo in the first two causes of action of the original complaint which have been dismissed. Accordingly, the second cross claim, insofar as it purports to seek indemnity under such agreement for expenses and counsel fees incurred in connection with the defense of the last-mentioned causes, must be deemed sufficient. The second cross claim is accordingly dismissed with leave to replead, in accordance with the foregoing, within 10 days from date of service upon counsel for the cross claimant of a copy of this order with notice of entry.
Defendant Stewart Photo’s informal request herein for summary judgment upon the portion of its second cross claim found to be sufficient herein is denied. Questions of fact exist as to whether or not defendant May was induced to enter into the indemnity agreement through fraudulent concealment of or misrepresentations by defendant Stewart Photo concerning the cancellation and termination provisions, including the 90-day exclusivity provision, contained in paragraphs 4 and 5 of the latter’s brokerage agreement with plaintiff and, if so, whether or not such concealment or misrepresentations were material. Such issues can only be resolved upon the trial (see McConkey v. Title Guar. & Trust Co., 250 App. Div. 7).